**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Tiffany Harris, individually and of behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>Premium Merchant Funding One, LLC d/b/a Premium Merchant Funding,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tiffany Harris (hereinafter, "Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint (the "Complaint") against defendant Premium Merchant Funding One, LLC d/b/a Premium Merchant Funding ("Defendant"), and allege, upon personal knowledge as to their own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1. Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, in negligently and/or willfully contacting Plaintiff on Plaintiff's telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") and related regulations, thereby invading Plaintiff's privacy, specifically for claims under the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

## PARTIES

2. Plaintiff Tiffany Harris is currently a citizen of Alabama.

3. Upon information and belief, Defendant is, and at all times mentioned herein was, a domestic limited liability company. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of New York and in the County of New York, and within this judicial district.

4. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

6. The Court has personal jurisdiction over Defendant because: (i) its principal place of business is located in New York, New York; (ii) it conducts significant business in this District; and (iii) the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## FACTUAL ALLEGATIONS

8. Plaintiff's cellular telephone number ending in 9790 was added to the National Do-Not-Call Registry on or about January 26, 2022.

9. Defendant has sent multiple text messages to Plaintiff on her cellular telephone, between May 4, 2023 and May 12, 2023, from the telephone number (262) 204-0902.

10. Such text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

11. Plaintiff received the telephone solicitations from Defendant within a 12-month period.

12. The text messages each advertise, in part, certain loans made by Defendant.

13. The text messages also included a link to Defendant's own website: www.pmfus.com.

14. Plaintiff did not provide Defendant with her cellular telephone number at any point in time, nor did she give permission for Defendant to message it.

15. Plaintiff did not have an established business relationship with Defendant during the time of the telephone solicitations from Defendant.

16. Plaintiff did not have a personal relationship with Defendant at any point in time.

17. Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to message Plaintiff's personal cellular telephone for marketing or solicitation purposes.

18. Upon information and belief, Defendant did not make the telephone solicitations in error.

19. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in

3

violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

20. Plaintiff properly alleges injuries in fact, which are fairly traceable to Defendant's unlawful acts, and are likely to be redressed by a favorable judicial decision.

21. Among other harms caused by the unlawful telemarketing text messages at issue, receiving the unwanted telemarketing resembles the kind of harm associated with intrusion upon seclusion.

22. Plaintiff's Prayer for Relief herein includes a request for damages for Defendant's unlawful telephone solicitations, as authorized by statute. See 47 U.S.C. § 227(c)(5). These statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff and members of the Class defined below.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the Class, which include:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 31 days, who received more than one telephone solicitation made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within the four years prior to the filing of the Complaint.

24. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

25. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose cellular telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the Class members were damaged thereby.

27. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records and the National Do-Not-Call Registry.

29. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one telephone solicitation to the members of the Class whose telephone numbers were on the National Do-Not-Call Registry and who had neither an established business relationship nor personal relationship with Defendant;

b. Whether Defendant's telephone solicitations were made via text message to cellular telephone numbers;

c. Whether Defendant obtained prior express written consent to place telephone solicitations to Plaintiff or the Class members' telephones;

d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

e. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

30. As a person who received numerous telephone solicitations from Defendant within a 12-month period, who did not have an established business relationship or personal relationship with Defendant, and who did not provide Defendant prior express invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

31. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

32. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

33. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and

California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

34. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
### NEGLIGENT VIOLATIONS
### OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ*

35. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including implementing regulation 47 C.F.R. § 64.1200(c).

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

38. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
### KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

39. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

7

40.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including implementing regulation 47 C.F.R. § 65.1200(c).

41.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

42.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on Plaintiff's own behalf and on behalf of the Class members, respectfully pray for the following relief:

a.      On the First Count and as a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks for herself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; (vi) any other relief the Court may deem just and proper; and

b.      On the Second Count and as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff seeks for herself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; and (vi) any other relief the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
September 11, 2023

**KAZEROUNI LAW GROUP, A.P.C.**

By: _____
Ross H. Schmierer, Esq.
Gustavo Ponce, Esq.
(*Pro Hac Vice* Application Forthcoming)
48 Wall Street, Suite 1100
New York, NY 10005
Phone: (800) 400-6808
Fax: (800) 520-5523
ross@kazlg.com

*Attorneys for Plaintiff*